# EXHIBIT 1

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
5/11/2022 10:06:44 AM
Filing ID 14293602

Person/Attorney Filing: Nasser Abujbarah
Mailing Address: 3101 North Central Avenue Suite 1500
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602)258-8900
E-Mail Address: uberp@phillipslaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 026182, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JANE DOE<br>Plaintiff(s),<br>v.<br>THE MESA PUBLIC SCHOOL DISTRICT, et al.<br>Defendant(s). | Case No.  CV2022-005993<br><br>**SUMMONS** |

To: THE MESA PUBLIC SCHOOL DISTRICT

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *May 11, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *CECILIA CUELLAR*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
5/11/2022 10:06:44 AM
Filing ID 14293599

Timothy G. Tonkin (#020709)
Nasser Abujbarah (#026182)
**PHILLIPS LAW GROUP, P.C.**
3101 N. Central Avenue, Suite 1500
Phoenix, Arizona 85012
Tel: (602) 258-8900
Fax: (602) 900-0106
Email: uberp@phillipslaw.com
Email: minute_entries@phillipslaw.com

*Attorneys for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JANE DOE, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> THE MESA PUBLIC SCHOOL DISTRICT, a government entity; VICTOR RODRIGUEZ and JANE DOE RODRIGUEZ, husband and wife; JANE DOES I-V; JOHN DOES I-V; ABC CORPORATIONS I-X; XYZ PARTNERSHIPS I-X, <br><br> Defendants. | Case No.: CV2022-005993 <br><br> **COMPLAINT** <br><br> (Tort – Non-Motor Vehicle) <br><br> (Rule 26.2 Discovery Tier III) |

Plaintiff Jane Doe ("Plaintiff"), by and through counsel undersigned, for her Complaint against Defendants, and each of them, allege as follows:

1. Plaintiff Jane Doe was at all times relevant hereto, a resident of Maricopa County, Arizona. Plaintiff is now eighteen years old. Defendants are aware of Plaintiff's true name which are being withheld because of a desire for privacy. Upon motion pursuant to Rule 17, Arizona Rules of Civil Procedure, by an appropriate party, further disclosure of the true name of Plaintiff will be made as required by law.

2. The claims set forth herein arise out of a sexual assault against Plaintiff by an employee/agent of Defendant Mesa Public School District.

3. Defendant Mesa Public School District (hereinafter "School District") is a political body of the State of Arizona.

4. The acts and omissions set forth herein occurred in the State of Arizona.

5. The amount in controversy exceeds the jurisdictional limits of this Court.

6. That Defendants John Does I-X, Jane Does I-X, ABC Corporations I-X and XYZ Partnerships I-X, are fictitious names, representing the Defendants, whether singular or plural; masculine or feminine; corporate or individual; married or unmarried; whose true names and relationships to this case are unknown to Plaintiff at this time, and will be substituted later by amendment.

7. At all times material hereto Victor Rodriguez ("Rodriguez") was an employee and/or agent of Defendant School District and at all time material hereto was acting within the course and scope of his employment/agency with Defendant School District. Rodriguez was a facility assistant and janitor for Defendant School District and worked at Summit Academy where Plaintiff was a student.

8. While employed by Defendant and while on Defendant's property, Rodriguez exhibited sexual predatory behavior that was obvious to other employees and supervisors.

9. Employees/agents of Defendant knew that Rodriguez had used social media to lure a student out of class and meet him behind a school building. Defendant knew that Rodriguez had exhibited other behavior that no rational educator or agent of Defendant could deem as anything other than highly and grossly inappropriate behavior.

10. Despite being aware of Rodriguez's predatory behavior by Defendant's employees and agents, as described in the previous paragraph, Defendant took no action and this constitutes actual knowledge by Defendant of Rodriguez's predatory behavior and resulting sexual assaults of Plaintiff.

11. While employed by Defendant, Rodriguez repeatedly sexually assaulted Plaintiff.

12. Rodriguez's sexual assaults upon Plaintiff began in 2017, after Defendant had been aware of his use of social media to attempt to lure a student to meet him behind a school building, and continued until 2021.

13. Upon information and belief, Rodriguez found Plaintiff on Instagram and began sending her inappropriate messages of a sexual nature.

14. Rodriguez would tell Plaintiff that how he would look at her while she was at school.

15. Thereafter, Rodriguez convinced Plaintiff to communicate with him through Snap Chat because the messages could not be saved once they had been opened and viewed by the recipient.

16. Rodriguez told Plaintiff to not screenshot any messages he sent her through Snap Chat.

17. Rodriguez was aware that Plaintiff was a minor, as he mentioned to her that he could get into trouble communicating with her because of her young age.

18. On Snap Chat, Rodriguez would send sexually explicit messages to Plaintiff, pictures of his genitals and videos of him touching himself sexually. He would ask Plaintiff to send him pictures of herself naked.

19. Sometime between May 2017 and May 2018, Rodriguez asked Plaintiff to meet him at 2:00 A.M. He then drove to Plaintiff's house in his Dodge SUV, picked her up, drove a few houses down the street from her home and parked. He then moved her to the backseat of his vehicle and began removing his clothes and touching Plaintiff with his hands on her rear-end, breasts, hips and between her legs.

20. Upon information and belief, during this encounter, Rodriguez had sexual intercourse with Plaintiff, including oral sex on her, oral sex on him, and penile-vaginal penetration.

21. Upon information and belief, Plaintiff was scared during this encounter and stated that she felt nasty afterwards.

22. A few months after this encounter, Rodriguez went to Plaintiff's home in the early morning, before she was to go to school. After entering Plaintiff's bedroom, he began to remove his clothes and told Plaintiff to undress as well. He then proceeded to have sexual intercourse with Plaintiff in a similar fashion as their first encounter. During this incident, he took pictures and video of Plaintiff during sexual intercourse.

23. In February 2020, Rodriguez asked Plaintiff to meet him in the parking lot of a community pool near her home. When Plaintiff arrived, Rodriguez was waiting for her in the back seat of his maroon colored Ford truck. Plaintiff attempted to pull away from Rodriguez at some point during the encounter when he was attempting to kiss her, and he was aware that she was not comfortable because he asked multiple times if she was okay. He nevertheless proceeded to have sexual intercourse with Plaintiff, who told him afterwards that she did not want to do that anymore.

24. In two separate incidents between February and May 2020, Rodriguez had sexual intercourse with Plaintiff at least two times, including penile-vaginal penetration and oral sex.

25. In both encounters, Plaintiff told Rodriguez that she did not want to perform oral sex on him. However, he would push her head down onto his penis. Plaintiff could tell that Rodriguez enjoyed her refusal so that he could push her head down onto him.

26. Rodriguez enjoyed choking Plaintiff during sexual intercourse, often to the point that it became difficult for Plaintiff to breathe or talk.

27. In January 2021, Rodriguez, even after being contacted by police about accusations against him, attempted to solicit explicit photographs from Plaintiff via text and FaceTime.

28. Rodriguez has been indicted on multiple counts of sexual molestation, sexual assault, and attempted molestation. All his victims were classmates of Plaintiff.

29. Despite being aware of Rodriguez's sexual predatory behavior, Defendants failed to take any action to supervise, investigate and stop Rodriguez's sexual predatory behavior.

30. Complaints regarding the predatory behavior of Rodriguez were ignored by Defendants.

31. The repeated observations of Rodriguez's predatory behavior by Defendants employees and agents, as described in the previous paragraphs constitute actual knowledge by Defendants of Rodriguez's predatory behavior and resulting sexual assaults of Plaintiff.

32. While employed by Defendants and/or while on Defendants' property, Rodriguez sexually assaulted Plaintiff.

33. Defendant School District failed to properly train and supervise its employees with respect to identifying and reporting sexual predatory behavior.

34. Defendant School District had customs, practices and/or policies that failed to adequately guard students and children from sexual abuse and amounted to deliberate indifference.

35. Defendant School District's deliberate indifference was a moving force behind Rodriguez's sexual assaults of Plaintiff.

36. The sexual assaults on Plaintiff by Rodriguez would not have occurred had Defendant School District established customs, practices and/or policies that adequately guarded students and children from sexual abuse.

37. Rodriguez's repeated sexual assault of Plaintiff was a highly predictable consequence of Defendant School District failure to properly train and supervise its employees with respect to identifying and reporting sexual predatory behavior.

38. Rodriguez's repeated sexual assault of Plaintiff was a highly predictable consequence of Defendant School District's customs, practices and/or policies that failed to adequately guard students and children from sexual abuse and amounted to deliberate indifference.

## COUNT ONE

### (Negligence of Defendant School District)

39. Plaintiff re-alleges and incorporate herein by reference all preceding paragraphs.

40. Defendants had a duty to use reasonable care in the supervision and retention of Rodriguez. Defendants failed to use reasonable care and were negligent in the supervision and retention of Rodriguez.

41. Defendants had a duty to use reasonable care in the supervision and training of its employees to identify and report sexually predatory behavior and grooming. Defendants failed to use reasonable care and were negligent in the supervision and training of its employees to identify and report sexually predatory behavior and grooming.

42. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered the damages set forth in paragraphs below.

## COUNT TWO

### (USCA § 1983 Civil Rights Violation by Defendant School District)

43. Plaintiffs re-allege and incorporate herein by reference all preceding paragraphs.

44. The United States Constitution protects a child's right to be free from sexual abuse by a school or city employee and Plaintiff had a constitutionally protected right to be free from sexual abuse by Rodriguez.

45. Rodriguez, while on property of Defendant School District and while in their employment, sexually abused Plaintiff, thereby violating her constitutionally protected right to be free from sexual abuse.

46. Defendant School District had customs, practices and/or policies that failed to adequately guard against violation of Plaintiff's constitutional rights to be free from sexual abuse and amounted to deliberate indifference. These Defendants were on notice that their omissions would likely result in a constitutional violation.

47. Defendant School District's custom, practices and/or policies, and lack thereof, were a moving force behind Defendant Rodriguez's violation of Plaintiff's constitutionally protected right to be free from sexual abuse.

48. As a direct and proximate cause of Defendant School District's violation of Plaintiff's constitutional rights, negligence, Plaintiff has suffered the damages set forth in paragraphs below.

## DAMAGES

49. As a direct and proximate result of Defendants' negligence and/or violation of Plaintiff's' constitutional rights, Plaintiffs has suffered serious and permanent injuries, and as a direct result of those injuries was required to incur medical expenses and may be forced to incur additional further medical expenses.

50. As a direct and proximate result of Defendants' negligence and/or violation of Plaintiff's constitutional rights, Plaintiff has endured great pain, suffering, and aggravation, and inconvenience, mental and emotional distress in her life and day-to-day activities, all of which will continue well into the future.

51. As a direct and proximate result of Defendants' negligence and/or violation of Plaintiff's constitutional rights, Plaintiffs has suffered a loss of quality and enjoyment of life, all of which will continue well into the future.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for such a sum of money within the jurisdiction of the Court and for full and complete compensation, for general and special damages, for the losses that she sustained in this matter, and for such other and further relief as the Court and jury deems just and proper in the premises.

## STATEMENT OF TIER VALUE

Consistent with the factors and characteristics identified in the lawsuit above, this matter is a non-motor vehicle tort, and pursuant to Rule 26.2(b) of the Arizona Rules of Civil Procedure, the damages sought in this case qualify it as a Tier 3 case.

**DATED** this 11th day of May, 2022.

PHILLIPS LAW GROUP, PC

By: */s/Nasser Abujbarah, Esq.*
    Timothy G. Tonkin, Esq.
    Nasser Abujbarah, Esq.
    *Attorneys for Plaintiffs*

-8-

Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
C. Cuellar, Deputy
5/11/2022 10:06:44 AM
Filing ID 14293601

Person/Attorney Filing: Nasser Abujbarah
Mailing Address: 3101 North Central Avenue Suite 1500
City, State, Zip Code: Phoenix, AZ 85012
Phone Number: (602)258-8900
E-Mail Address: uberp@phillipslaw.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 026182, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JANE DOE<br>Plaintiff(s),<br>v.<br>THE MESA PUBLIC SCHOOL DISTRICT, et al.<br>Defendant(s). | Case No. CV2022-005993<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED** this

By: Nasser Abujbarah /s/
Plaintiff/Attorney for Plaintiff